862

## In re CREVELING.
### Patent Appeal No. 2800.

Court of Customs and Patent Appeals.
Dec. 5, 1932.

John A. Watson, of Chicago, Ill. (Loyd H. Sutton, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed application for a patent upon improvements in that type of lubricating means commonly known as grease guns. His application was filed January 28, 1925. A reissue patent was granted on November 22, 1927, to Wallace, No. Re. 16787, upon an application filed October 8, 1925, on a similar device. On July 3, 1929, appellant copied from the Wallace patent certain claims and presented the same as a part of his application. Among these were claims 25 and 26, which were claims 12 and 14 of the Wallace patent. These claims are as follows:

"25. A lubricant compressor comprising a container for lubricant, a cylinder communicating with said container, elements at opposite ends of said compressor for receiving oppositely directed thrusts, one of said elements having a passageway communicating with said cylinder, means actuated by a thrust imposed upon one of said elements, for discharging lubricant from said cylinder through said passageway, and means surrounding one of said elements, and movable with respect to said cylinder for pressing the lubricant in said container toward said cylinder.

"26. A lubricant compressor comprising a container for lubricant, a cylinder communicating with said container, means for displacing lubricant from said cylinder including a member in said container, and a piston, movable with respect to and surrounding said member, for displacing lubricant from said container into said cylinder."

The examiner refused to allow these claims upon the ground that they did not read on appellant's disclosure. The Board of Appeals took the same view of the matter, and the appellant has appealed.

Appellant's device consists of an ordinary cylindrical container for grease. At one end of this container is a removable cap. Extending through the center of this cap is a threaded rod, with a transverse bar handle on its outer extremity. The drawing (Figure 1) shows in dotted lines, in the interior of the container, what appears to be a piston, with one end of the threaded push rod attached to or resting against the upper side thereof. Attached to the lower end of this container is a cylinder, with a slidably movable member capable of telescoping within the cylinder, and held in place by shoulders on the interior surface of the cylinder and by a spiral spring. The upper end of this cylinder is closed by a ball valve and the lower end of the slidable member contains a gasketed recess, capable of engaging with an ordinary Alemite nipple.

In operating the device, the container is filled with grease and the handle is turned until the grease enters the cylinder and approaches the recess in the opposite end. The recess is then applied to a nipple, and by a forward pressure upon the grease container, the slidable element telescopes into the cylinder, and grease is forced into the receiving nipple.

The tribunals of the Patent Office rest their decisions herein upon the theory that appellant's application does not disclose "means surrounding one of said elements, and movable with respect to said cylinder," as stated in claim 25, and "a piston, movable with respect to and surrounding said member," in claim 26. They contend that the expression "one of said elements," in claim 25, and "said member," in claim 26, can refer only to the threaded rod which forces for-

ward the piston in appellant's device. This latter contention is admitted by appellant's argument.

As to the operation of this rod and piston, appellant's specification states: "5 is a lubricant compressor adapted to hold either oil or grease and provided with a piston, indicated in dotted lines at 6, which may be moved so as to force the lubricant out of the compressor by rotating the screw-threaded stem 9 carried by the cap 8 and rotatable as by means of the handle indicated at 9."

Giving the broadest interpretation possible, we are unable to discern wherein these two disputed claims read upon appellant's said disclosure. If we assume, as do counsel on both sides, that the element described in the latter part of claim 25 is the threaded rod 7, and the "means surrounding one of said elements," later mentioned in said claim, is the piston 6, there is no showing in either drawings or specification that said piston surrounds said rod, either in whole or in part. Nor is there any such showing that the "piston" member is "movable with respect to * * * said member," as described in claim 26. The rod 7 may be separate from or integral with the piston 6, so far as the disclosure goes. If it is integral with said piston, then it is not movable with respect thereto, or surrounded by it.

Many patents are cited by appellant to show the pre-existing state of the art. This state of the art shows, as contended by appellant, that it was well known to extend the end of the rod through the piston and to make it movable with respect thereto. This is doubtless true, but we are unable to discern wherein this aids appellant's rejected claims. These claims, which read plainly upon Wallace's disclosure, contain certain expressly defined limitations, which limitations are not disclosed by appellant's application. We are not at liberty to disregard them. In re O'Dowd, 47 F.(2d) 392, 18 C. C. P. A. 1002; In re Bijur, 40 F.(2d) 999, 17 C. C. P. A. 1134; Field v. Stow, 49 F.(2d) 1072, 18 C. C. P. A. 1502; Sweetland v. Cole, 53 F.(2d) 709, 19 C. C. P. A. 751; Mudd v. Schoen, 54 F.(2d) 959, 19 C. C. P. A. 840; Bragg et al. v. Besler, 56 F.(2d) 881, 19 C. C. P. A. 1084; In re Fischer, 58 F.(2d) 1058, 19 C. C. P. A. 1231.

Finally, it is argued that the piston 6 "surrounds" the rod 7, even if the rod 7 is disclosed only as resting upon and against said piston or, in the alternative, as penetrating the same. Webster's New International Dictionary, 1932, thus defines the verb "sur-round": "1. To inclose on all sides; to encompass; as, a wall surrounds the city."

Accepting this definition, which is also quoted by appellant's counsel in his brief, the piston 6 does not surround the rod 7. Even if the rod 7 may be considered as penetrating the said piston, the piston may be said to surround the rod only partially.

For the reasons assigned, it is thought the rejection of said claims 25 and 26 was not in error, and the decision of the Board of Appeals of the United States Patent Office is affirmed.

Affirmed.